IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:23-CV-00333-SCR

| | |
|---|---|
| MICHELLE JEANETTE BERGLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on "Plaintiff's Social Security Brief" (Doc. No. 5), "Defendant's Brief" (Doc. No. 8) and "Plaintiff's Reply" (Doc. No. 9).[1]

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and the matter is ripe for disposition.

The Court finds that Defendant's decision to deny Plaintiff Social Security benefits is not supported by substantial evidence. Accordingly, the Court will reverse the Commissioner's decision.

## I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs and discusses relevant portions below.

Plaintiff filed the present action on November 17, 2023. She assigns error to the

---

[1] Following amendments to the Supplemental Rules for Social Security Actions, 42 U.S.C. § 405(g), and to Local Civil Rule 7.2, the parties are no longer required to file dispositive motions.

Administrative Law Judge's ("ALJ") formulation of her Residual Functional Capacity ("RFC").[2] See "Plaintiff's Brief" at 2, 7-13 (Doc. No. 5); Plaintiff's "Reply …" at 1-3 (Doc. No. 10). Specifically relevant to the present discussion that remand is required, Plaintiff argues that the ALJ erred by finding she suffered moderate impairments both in maintaining concentration, persistence and pace ("CPP"), and in social functioning but failed to fully account for those limitations in the RFC. (Doc. No. 5 at 9-10).

## II. DISCUSSION

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); Biestek v. Berryhill, 587 U.S. 97, 102-03 (2019); Oakes v. Kijakazi, 70 F.4th 207, 212 (4th Cir. 2023); Arakas v. Comm'r of Soc. Sec., 983 F.3d 83, 94 (4th Cir. 2020). Substantial evidence is "more than a mere scintilla" and "[i]t means— and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Oakes, 70 F.4th at 212 (quoting Biestek, 587 U.S. at 103 (quotations omitted)). "The threshold is 'not high' and defers to the ALJ, 'who has seen the hearing up close.'" Id. "'In reviewing for substantial evidence, we do not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for the ALJ's.'" Id. (citing Arakas, 983 F.3d at 95). But "even under this deferential standard, we do not 'reflexively rubber-stamp an ALJ's findings.'" Id. (quoting Lewis v. Berryhill, 858 F.3d 858, 870 (4th Cir. 2017)).

---

[2] The Social Security Regulations define "Residual Functional Capacity" as "the most [a claimant] can still do despite your limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] [R]esidual [F]unctional [C]apacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

"To pass muster, ALJs must build an accurate and logical bridge from the evidence to their conclusions." Id.; see also Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (finding the ALJ failed to build an accurate and logical bridge from the evidence to his conclusion). Where the ALJ fails to build that logical bridge, the Court must remand for further proceedings. See Monroe, 826 F.3d at 189; see also Patterson v. Comm'r of Soc. Sec., 846 F.3d 656, 663 (4th Cir. 2017)). In Patterson, the Court explained:

> We do not take a position on the merits of [Plaintiff's] application for disability benefits. Instead, the dispute here arises from a problem that has become all too common among administrative decisions challenged in this court—a problem decision makers could avoid by following the admonition they have no doubt heard since their grade-school math classes: Show your work. The ALJ did not do so here, and this error rendered his decision unreviewable.

846 F. 3d at 663 (citing Kohler v. Astrue, 546 F.3d 260, 267 (2d Cir. 2008)).

The question before the ALJ was whether Plaintiff became disabled at any time prior to the expiration of her eligibility for benefits, that is, September 30, 2020.[3] The ALJ found that Plaintiff was under a disability from January 4, 2018, through September 11, 2020. (Tr. 50). However, the ALJ found that medical improvement occurred causing an increase in Plaintiff's capacity to perform basic work activities, and as a result, Plaintiff's disability ended on September 12, 2020.[4] (Tr. 52); 20 CFR § 404.1594(b)(3). Plaintiff challenges the ALJ's determination of her RFC, and that her disability ended on September 12, 2020. 20 C.F.R. §§ 404.1546(c) & 416.946(c) (noting the ALJ is responsible for assessing a claimant's RFC). In making that assessment, the

---

[3] The term "disability" is defined as the:
> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…

42 U.S.C. § 423(d)(1)(A); see also Pass v. Chater, 65 F.3d 1200, 1205 (4th Cir. 1995).

[4] The Court observes that the ALJ found medical improvement and that disability ended a mere 18 days before the end of the expiration of her eligibility for benefits, but does not further explain why disability ended on that particular date. (Tr. 50-61).

ALJ must consider the functional limitations and restrictions resulting from the claimant's medically determinable impairments. Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims, SSR96-8p (July 2, 1996), https://www.ssa.gov/OP_Home/rulings/di/01/SSR96-08-di-01.html. The ALJ also must "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Id.

> SSR 96-8p explicitly directs:
>
> In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not "severe." While a "not severe" impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may—when considered with limitations or restrictions due to other impairments—be critical to the outcome of a claim. For example, in combination with limitations imposed by an individual's other impairments, the limitations due to such a "not severe" impairment may prevent an individual from performing past relevant work or may narrow the range of other work that the individual may still be able to do.

Id. Additionally, in order to find that a plaintiff's disability does not continue through the date of the decision, the ALJ must show that medical improvement has occurred which is related to a plaintiff's ability to work, or that an exception applies. 20 C.F.R. § 404.1594(a). As the ALJ recognized, in most cases, the ALJ also must show that a plaintiff is able to engage in substantial gainful activity before finding that a plaintiff is no longer disabled. Id.; (Tr. 43-44).

Plaintiff, however, has the burden of establishing her RFC by showing how her impairments affect her functioning. See 20 C.F.R. §§ 404.1512(a) & 416.912(a); see also, e.g., Plummer v. Astrue, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), mem. and recommendation adopted, 2012 WL 1858844 (May 22, 2012), aff'd, 487 F. App'x 795 (4th Cir. 2012).

In Mascio, the Fourth Circuit observed "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)); see also Thomas v. Berryhill, 916 F.3d 307, 311 (4th Cir. 2019) ("ALJ's analysis of [plaintiff's] RFC contains too little logical explanation for us to conduct meaningful appellate review").

In Mascio, the Fourth Circuit also "agree[d] with other circuits that an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits)). See also SSR 96-8p (where ALJ completes Psychiatric Review Technique Form ("PRTF"), mental RFC evaluation for use at Steps 4 and 5 "requires a more detailed assessment by itemizing various functions. . . summarized on the PRTF"). As observed by the Fourth Circuit, "[t]he ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence or pace." Id.

The ALJ found here that Plaintiff suffers no more than moderate impairment in maintaining CPP, (Tr. 51), but made no allowance for that impairment in the RFC contrary to Mascio. 780 F.3d at 638. The ALJ found that:

> beginning September 12, 2020, the claimant has had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except for the following limitations. The claimant can understand, remember, and carry out simple instructions, occasionally interact appropriately with supervisors, coworkers and the general public, respond appropriately to changes in a routine work setting, and make judgments on simple work-related decisions.

(Tr. 53).

      While the RFC limits Plaintiff to work requiring her to understand, remember, and carry out "simple instructions," "respond appropriately to changes in a work setting", and make "simple work-related decisions," this is insufficient. (Tr. 53, & 55-56). The ALJ failed to adequately account for the moderate impairment in maintaining CPP. Mascio, 780 F.3d at 638; Geedy v. Kijakazi, No. 4:20-CV-2264, 2022 WL 737949, at *6 (M.D. Pa. Feb. 14, 2022), report and recommendation adopted, No. 4:20-CV-02264, 2022 WL 737512 (M.D. Pa. Mar. 10, 2022) (citing Mascio, 780 F.3d at 638 and finding a substantial error where the ALJ noted the ability to perform "unskilled tasks" but did not adequately account for moderate restrictions in CPP, specifically including the plaintiff's ability to keep a schedule or complete a workday without interruptions). This stands in stark contrast to other cases where the ALJ properly accounted for such restrictions. Compare Wingate v. Saul, No. 5:20-CV-00124-DSC, 2021 WL 1758714, at *3 (W.D.N.C. May 4, 2021) (citing Mascio, 780 F.3d at 638 and affirming hearing decision because "[t]he Court finds that the ALJ's determination was based upon substantial evidence supporting a limitation to 'simple, routine, repetitive unskilled work tasks. . . limited to work in low stress, nonproduction work setting.'") (emphasis added); Jarek v. Colvin, 3:14-cv-620-FDW-DSC, 2015 WL 10097516, at *5 (W.D.N.C. Sept. 4, 2015) (moderate limitation in CPP adequately addressed by "limitation to simple, routine, repetitive tasks not at an assembly line pace"), report and recommendation adopted, 3:14-cv-620-FDW-DSC, 2016 WL 626566 (W.D.N.C. Feb. 16, 2016), aff'd, 672 F. App'x 332, 2017 WL 129024 (4th Cir. Jan. 13, 2017) (emphasis added).

      Plaintiff spends much of her brief arguing that the Court should expand the Mascio holding to an impairment in social interaction or about the impact of ALJ's use of "appropriately" to describe Plaintiff's interactions with supervisors, coworkers, and the general public. (Doc. No. 5

at 8) (citing Tr. 55-56). However, because the ALJ's CPP error is evident, further analysis of Plaintiff's remaining arguments are unnecessary.

Although perhaps the ALJ could have explained why a CPP limitation was not fully included in the RFC, the hearing decision in its present form does not logically explain the ALJ's decision or this apparent shortcoming. Accordingly, remand is required.

### III. ORDER

**NOW THEREFORE IT IS ORDERED:**

1. The Commissioner's decision is **REVERSED** and this matter is **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[5]

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED**.

Signed: November 4, 2024

Susan C. Rodriguez
United States Magistrate Judge

---

[5] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); see also Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990). In this case, a new hearing is required.